FILED
2008 Aug-06  AM 09:49
U.S. DISTRICT COURT
N.D. OF ALABAMA



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| JAMES L. THOMPSON | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | 5:07-CV-1453-LSC |
| | ] | |
| MICHAEL J. ASTRUE, | ] | |
| Commissioner, | ] | |
| Social Security Administration, | ] | |
| | ] | |
| Defendant. | ] | |

MEMORANDUM OF OPINION

I.   Introduction.

James L. Thompson ("Plaintiff"), appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").  Mr. Thompson timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. Thompson was fifty-three years old at the time of the Administrative Law Judge's ("ALJ's") decision, and he has a tenth grade

education.   (Tr. at 19-25, 91.)    His past work experiences include employment as a cashier, ticket clerk, and office cleaner.  *Id*. at 87.  Mr. Thompson claims that he became disabled on March 20, 2004, due to a broken right elbow, knee problems, and a shorter right leg.  *Id*. at 86.

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  The first step requires a determination of whether the claimant is "doing substantial gainful activity."    20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If he or she is, the claimant is not disabled and the evaluation stops.  *Id*.  If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined.   20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).   These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled.  *Id*.  The decision depends on the medical evidence in the record.  *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971).  If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise,

the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the claimant's impairments fall within this category, he or she will be found disabled without further consideration.  *Id.*  If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step.  20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops.  *Id.*  If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step.  *Id.*  Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant can do other work, the claimant is not disabled.  *Id.*

Applying the sequential evaluation process, the ALJ found that Mr. Thompson meets the nondisability requirements for a period of disability and DIB and is insured through December 31, 2006. Tr. at 21. He further determined that Mr. Thompson has not engaged in substantial gainful activity since the alleged onset of his disability. *Id*. According to the ALJ, Plaintiff's "old heel fracture of the right elbow, chronic obstructive pulmonary disease with tobacco use, obesity, high blood pressure (controlled with medication) and a history of old repaired inguinal ventral hernia and undocumented history of prior surgical procedures on left leg" are impairments which are considered "severe" based on the requirements set forth in the regulations. *Id*. However, he found that these impairments neither met nor medically equaled any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. *Id*. at 22. The ALJ did not find Mr. Thompson's allegations to be totally credible, and he determined that Plaintiff has the residual functional capacity to perform work at the light exertional level with additional restrictions. *Id*. at 23. These restrictions include: "[no] climbing ropes, ladders, scaffolding, and he cannot work at unprotected heights. . . . [Additionally,] claimant also cannot work around

dangerous, moving, unguarded machinery and he cannot be exposed to excessive pulmonary and lung irritants. He is restricted from exposure to concentration of heat and cold." *Id.*

According to the ALJ, Mr. Thompson is capable of performing his past relevant work as a cashier and ticketer, as these jobs do not require the performance of work-related activities precluded by his RFC. *Id.* at 24. Therefore, the ALJ concluded his findings by stating that Plaintiff "has not been under a 'disability,' as defined in the Social Security Act, from March 20, 2004, through the date of this decision." *Id.* at 25.

II.   Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d

1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.   Discussion.

Mr. Thompson alleges that the ALJ's decision should be reversed and remanded for three reasons.  First, Plaintiff believes that the ALJ erred in failing to find him disabled under the Medical-Vocational rules.  (Doc. 7 at 6.)  Specifically, Plaintiff contends that "[l]imited to an RFC for the full range of sedentary work, Plaintiff would readily 'grid' from the onset pursuant to Grid Rule 201.10." *Id*. at 7.  Second, Plaintiff contends that the ALJ's RFC findings are not based on substantial evidence. *Id*. at 7.  Finally, Plaintiff alleges that the ALJ failed to properly consider his obesity. *Id*.

   A.   Medical-Vocational Rules.

The ultimate burden of proof on the issue of disability rests squarely on Plaintiff. *See Powell o/b/o Powell v. Heckler*, 773 F.2d 1572, 1576 (11th Cir. 1985).  In order to demonstrate that an impairment or combination of impairments is disabling, a claimant must show that the impairment(s) results in anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  *See* 20 C.F.R. §§ 404.1527(a); 416.927(a) (2007).  Plaintiff "bears the initial burden to prove that he is unable, due to physical or

mental impairments, to perform his previous work." *See Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983). If Plaintiff can still do his past relevant work, he will not be found disabled under the Social Security Act. *See Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986); *see also* 20 C.F.R. §§ 404.1520(f); 416.920(f) (2007). It is the ALJ's duty to determine whether a claimant can perform his past relevant work. *See* 20 C.F.R. §§ 404.1520(f); 416.920(f) (2007). Further, a claimant must show an inability to return to his previous work (i.e. occupation), and not only his specific prior job as performed. *See Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986).

In this case, the ALJ determined that Plaintiff had the RFC to perform work at the light exertional level, with no climbing ropes, ladders or scaffolds; work at unprotected heights; work around dangerous, moving or unguarded machinery; exposure to excessive pulmonary irritants; and exposure to concentrations of heat and cold. Tr. at 23, finding no. 5. If an individual can perform light work, the Social Security Administration also determines that he can perform sedentary work, unless there are other limiting factors such as limitations involving fine dexterity or prolonged

sitting that would prohibit such work. *See id.* Since Plaintiff's past relevant work as a cashier and ticketer/ticket clerk did not require work beyond this residual functional capacity finding, the ALJ found that he could do this past relevant work. Tr. at 24. This finding is supported by substantial evidence.[1]

B. Thompson's RFC.

Plaintiff also argues that the ALJ's finding that the Plaintiff retains the RFC to perform the exertional demands of light work is not supported by substantial evidence. (Doc. 7.) Specifically, he claims that the ALJ improperly minimized the treatment records from the Cromeans Clinic over

---

[1] Plaintiff also vaguely contends that the ALJ erred in failing to ask the VE about transferability of skills from Plaintiff's past work in medium, heavy, and very heavy jobs. (Doc. 7 at 6.) It appears that he is arguing that this line of questioning would effect Plaintiff's classification under the Grid Rules.

In reviewing the ALJ's findings, it is clear that he determined that Plaintiff was capable of returning to his past relevant work under step four of the sequential evaluation process. Therefore, the grid rules were not used in reaching the ultimate disability determination. However, Plaintiff failed to develop this argument with any discussion or legal authority. Plaintiff's council has also failed to demonstrate how the ALJ allegedly violated this ruling or if any violation would constitute reversible error. This Court will not address this perfunctory and underdeveloped argument. *See Flanigan's Enters., Inc.v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument); *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (stating that an argument made without citation to authority is insufficient to raise an issue before the court).

an eighteen month period.[2]

An RFC is defined as "the most you can still do despite your limitations," and the Agency will assess RFC based on "all the relevant evidence in your case record." 20 C.F.R. § 404.1545(a). The Grid Guidelines define light "work as work which involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds." 20 C.F.R. § 404.1567(b). Even though the weight lifted may be very little, a job is in the light category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls. *Id.*

In determining that the Plaintiff retains the RFC to perform the exertional demands of light work, the ALJ explained that he carefully considered Plaintiff's subjective allegations of pain as well as the medical evidence and medical opinions contained in the record. Tr. at 23. The ALJ

---

[2]Plaintiff also argues that the ALJ improperly dismissed Dr. Cromeans' opinion that he was "totally" and "permanently disabled to work." (Doc. 7 at 8.) However, the ALJ expressly discussed these notations from Dr. Cromeans' treatment records. The ALJ noted that the references to disability refer to "some prior surgery on claimant's left tibia." Tr. at 24. This is supported by a review of the record and other treatment records do not indicate any problems with the lower left extremity. *See* Tr. at 163, 167.

expressly found the Plaintiff's subjective allegations not to be credible because the objective medical evidence did not support the severity of the symptoms alleged. The ALJ also noted that Plaintiff's condition is not of the severity that it could reasonably be expected to give rise to the Plaintiff's alleged symptoms. *Id*.

Concerning Plaintiff's alleged right knee pain, the ALJ noted that Plaintiff sustained a right knee injury in March 2004. Tr. at 23, 114. However, on June 1, 2004, Plaintiff's treating orthopedic source, Dr. Martin, stated that Plaintiff's right knee was "minimally tender" and he had good range of motion and there appeared to be "progressive healing." *Id*. at 23, 111. Further, on June 29, 2004, Dr. Martin stated that Plaintiff's right knee x-ray "shows the bones are completely healed" and there were no residual fracture lines. *Id*. In his decision, the ALJ determined that "since reports from Dr. Martin indicate good healing and there is no indication of any loss of range of motion or difficulty in use, the undersigned finds that this is not a disabling impairment." *Id*.

The ALJ also evaluated Plaintiff's chronic obstructive pulmonary disease (COPD) and alleged black-out spells. *Id*. at 23, 191-92. Plaintiff was

admitted to Cooper Green Hospital in June 2005, with a chief complaint of difficulty breathing. *Id*. at 138-40. He gave a "40-year history of tobacco use, smoking 2 packs per day" and reported "occasional spells of light-headedness, blurry vision attacks associated with dizziness and generalized weakness." *Id*. at 138. He was treated for exacerbation of COPD and released with instructions to use an inhaler. *Id*. at 141. Upon discharge, no specific physical activity limitations were noted by the attending physician. *Id*. at 141. Additionally, the ALJ noted that on September 20, 2005, Dr. Cromeans noted that Plaintiff's COPD was "stable." *Id*. at 23. The ALJ also noted that Plaintiff's claims of "blackout episodes are subjective, that is reported only by the claimant, and unsupported by the medical evidence of record." *Id*.

Next, the ALJ evaluated Plaintiff's subjective allegations of disabling right arm and elbow symptoms. *Id*. at 24, 86, 188. According to the medical evidence, Plaintiff injured his right elbow in a 30 foot fall from a ladder in March 2004. *Id*. at 128-29, 132. Medical records following this fall indicate that ten days after the injury, Dr. Martin advised Plaintiff to begin working on the range of motion in his elbow. *Id*. at 114. By June 1, 2004,

Dr. Martin stated that x-rays of Plaintiff's right elbow were "unremarkable." *Id.* at 24, 111. On June 29, 2004, Plaintiff's range of motion was 30-130 degrees and he demonstrated "fairly good pronation and supination." *Id.* Further, Dr. Martin did not find any evidence of numbness or inability to use the right arm as Plaintiff alleged. Therefore, the ALJ found that the medical evidence did not support Plaintiff's allegations of disabling right elbow symptoms. *Id.*

The ALJ also considered and rejected Plaintiff's disability based on hypertension. While noting that Plaintiff's blood pressure was 142/91 on December 21, 2004, the ALJ highlighted that by April 14, 2006, it had dropped to 121/83. *Id.* at 22.

Lastly, the ALJ evaluated Plaintiff's subjective allegations of possible cancer and back pain due to herniated discs. *Id.* at 24, 187. In rejecting these subjective allegations, the ALJ noted that the record does not contain evidence of any cancer or evidence that Plaintiff has the alleged multiple herniated discs in his back. *Id.* A disability claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim. *See* 20 C.F.R. §§ 404.1512,

416.912 (2007); *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). Since the record does not reflect that Plaintiff has these impairments, the ALJ properly declined to accept Plaintiff's allegations of disabling symptoms due to these alleged impairments. *Id.* at 24.

The ALJ based his decision that Plaintiff retained the RFC to perform less than the full range of light work on objective medical evidence. The objective medical evidence supports the ALJ's determination that the Plaintiff can perform light work.

C.  Obesity.

Plaintiff contends that the ALJ failed to explain or discuss how Plaintiff's obesity factored into his RFC determination. (Doc. 7 at 11.) Social Security regulations require the ALJ to consider the combined effects of all impairments in evaluating disability:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, the combined effect of the impairments will be considered throughout the disability determination process. If we do not

>find that you have a medically severe combination of impairments, we will determine that you are not disabled.

20 C.F.R. § 404.1523; *see also Swindel v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990).

In this case, after evaluating the entire record, the Court agrees with Plaintiff that the ALJ failed to adequately explain how this "severe" impairment factored into his RFC determination. However, this failure is harmless. In all social security disability cases, the claimant bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding her impairments. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Doughty v. Apfel*, 245 F.3d. at 1278; 42 U.S.C. § 423(d)(5) ("[a]n individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require"). The regulations also establish that the claimant's burden is to provide the relevant medical and other evidence she believes will prove her alleged disability. *See* 20 C.F.R. §§ 404.1512(a) and (c). Moreover, the claimant's burden is to provide a medical record that is complete, and if he or she fails

to do so, the ALJ will make a decision based on the evidence of record.  *See* 20 C.F.R. §§ 404.1513(e), 404.1516.

In his brief, Plaintiff sets forth only that obesity can cause limitations that may affect a person's weight bearing joints.  However, Plaintiff failed to provide any medical evidence demonstrating that his obesity causes or exacerbates any specific limitations.  Furthermore, there does not appear to be any medical evidence where a doctor addressed specific limitations that are caused by Plaintiff's obesity.  There must be a showing of prejudice to a disability claimant in order for the reviewing court to remand the case to the Commissioner for further development of the record.  *See generally Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995).  Such prejudice has not been demonstrated in this case.

IV.   Conclusion.

Upon review of the administrative record, and considering all of Mr. Thompson's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law.  A separate order will be entered.

Done this 6th day of August 2008.

                                  _____
                                       L. SCOTT COOGLER
                               UNITED STATES DISTRICT JUDGE
                                                 153671